IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EMELIE JONES, | ) |
| | ) |
| Plaintiff, | )  CIVIL ACTION NO. 3:07-CV-744-MHT |
| | ) |
| v. | )  Jury Trial Demanded |
| | ) |
| WACHOVIA AUTO LEASING | ) |
| COMPANY, INC.; and WACHOVIA | ) |
| BANK, NATIONAL ASSOCIATION/ | ) |
| SOUTHTRUST BANK, | ) |
| | ) |
| Defendants. | ) |

RECEIVED
2007 AUG 21  P 1:37
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA

## COMPLAINT

COMES NOW the Plaintiff, Emelie Jones, by counsel, as and for her complaint against the Defendants, alleges as follows:

### JURISDICTION AND VENUE

1.  The United States District Court for the Middle District of Alabama has jurisdiction over this action pursuant to 28 U.S.C. §1332. The amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and there is complete diversity between the Plaintiff and Defendants. Venue in the United States District Court for the Middle District of Alabama is proper under 28 U.S.C. §1391, given that the events made the basis of this litigation occurred within this judicial district.

### PARTIES

2.  The Plaintiff is a natural person and, at all times relevant herein, a resident citizen of the State of Alabama, Macon County, and is over the age of twenty-one (21) years.

3. Upon information and belief, the Defendant WACHOVIA AUTO LEASING COMPANY, INC. ("Wachovia Auto Leasing") is a corporation incorporated under the laws of the State of Georgia, with its principal place of business located in Atlanta, Georgia, and is engaged in the issuing of automobile loans. At all times relevant herein, Wachovia Auto Leasing Company, Inc. was doing business in Macon County, Alabama.

4. Upon information and belief, the Defendant WACHOVIA BANK, NATIONAL ASSOCIATION ("Wachovia Bank") is a national banking association with its principal place of business located in Charlotte, North Carolina, and is engaged, amongst other things, in overseeing the loans issued by Defendant Wachovia Auto Leasing Company, Inc. In 2004, Wachovia Bank merged with SouthTrust Bank, National Association ("SouthTrust Bank"). Prior to 2004, SouthTrust Bank was a national banking association with its principal place of business in Birmingham, Alabama. By operation of law, Wachovia Bank is the successor in interest to and assumed all liabilities of SouthTrust Bank. At all times relevant herein, Wachovia Bank, National Association/SouthTrust Bank was doing business in Macon County, Alabama.

5. Upon information and belief, the defendants Wachovia Auto Leasing and SouthTrust/Wachovia Bank in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

6. All of the above named defendants may be collectively referred to as "defendants."

**FACTUAL AVERMENTS**

7. On or about April 11, 2001, Plaintiff entered into a "Motor Vehicle Lease Agreement" with SouthTrust Bank, whereby SouthTrust Bank was to lease to Plaintiff an

automobile, and in turn Plaintiff was to be responsible for fifty-one (51) total payments of approximately $781.50 on the vehicle, the first being due at lease signing or delivery. On or about April 11, 2001, the date which she signed the lease agreement with SouthTrust Bank, Plaintiff made her first payment.

8. Plaintiff proceeded to make fifty-one (51) subsequent payments over the next four (4) years, one more payment than was required by the lease agreement. On three occasions the payments she made were inclusive of two or more months' worth of payments – on December 3, 2003, she included a check for two (2) months of payments, on March 15, 2003, she included a check for two (2) months of payments, and on April 25, 2005, Plaintiff included a check for three (3) months of payments, thereby paying off the lease.

9. On or about May 23, 2005, Wachovia Auto Lease/SouthTrust sent Plaintiff a letter indicating that she had overpaid, and attached a check in the amount of the overpayment, $781.50.

10. Yet, on or about July 21, 2005, Wachovia Auto Lease/SouthTrust sent Plaintiff a letter indicating that she was nearly a month late on a payment due of $820.58. In response, Plaintiff called Wachovia Auto Lease/SouthTrust and requested proof of the debt.

11. On or about August 11, 2005, Wachovia Bank sent Plaintiff an invoice for the termination fee associated with the lease in the amount of $300, along with an "excess wear & tear" charge of $117.50. Plaintiff disputed the "excess wear & tear charge," but sent a check in the amount of $300 to cover the termination fee. On the invoice that she sent back to Wachovia, Plaintiff detailed in writing how Defendants' assertion that she was still owing on the lease was patently false.

12. On or about August 23, 2005, Plaintiff, who had applied for a loan from First National Mortgage Services ("First National") for an addition to an apartment complex in Macon County, Alabama that she owned, received a statement of credit denial from First National indicating the loan had been denied due to Plaintiff's "delinquent credit obligations." Plaintiff immediately inquired into the rejection and was referred to the appropriate credit reporting agency.

13. Plaintiff's Equifax credit report of August 25, 2005 indicated that she had a recent thirty (30) day late payment on her SouthTrust/Wachovia auto lease account.

14. As detailed above, this representation to the credit reporting agency (Equifax) by defendants was false. Plaintiff had timely made the requisite fifty-one (51) payments on her auto loan (plus an additional payment not required under the lease) and the lease had been terminated.

15. Upon learning that her credit report contained false and unauthorized information, Plaintiff requested that Equifax verify and correct or delete the inaccurate, false, and misleading representations made by the defendants from her credit file.

16. On or about October 29, 2005, Plaintiff received correspondence from Equifax indicating that they had researched the SouthTrust/Wachovia account and determined that "[t]his creditor is currently reporting a zero balance for this account. This account is currently reporting paid as agreed, with no late payments."

17. On or about November 14, 2005, Plaintiff wrote the Defendants a letter again detailing to them how the Plaintiff neither owed additional money to them nor had been delinquent in a payment to them.

18. It was not until on or about December 30, 2005, that Plaintiff received a letter from Wachovia Automotive Leasing Group on Wachovia Bank letterhead implicitly

acknowledging their error and indicating that the thirty (30) day late notices had been removed from Plaintiff's lease account and all major credit card bureaus had been notified of the correction.

19. On or about February 28, 2006, because she was unable to obtain a loan from First National Mortgage Services as a direct result of defendants' false and defamatory report of her "delinquent credit obligations," Plaintiff was forced to sell the apartment complex at a loss of approximately $200,000.

20. The Defendants' written and published assertions to credit reporting agencies, including Equifax, about Plaintiff being delinquent in her lease payments contained false and defamatory statements that were written and published with malice and intentional or reckless disregard of their falsity.

21. Plaintiff avers that the Defendants have committed libel of Plaintiff by their written false and defamatory statements made in the furnishing of information to Credit Reporting Agencies, including Equifax. As a proximate consequence of Defendants' libelous statements, Plaintiff has been caused to suffer humiliation and mental anguish; she has been caused to be portrayed in a false and defamatory nature that has caused severe injury to her reputation and ability to obtain credit and loans; she has been caused to suffer damage to her name, character, and reputation by statements written by Defendants that portray her as a credit risk; she has been denied a loan as a consequence of Defendants' false and defamatory statements, such that Plaintiff was forced to sell property at a loss of $200,000; and she has been otherwise permanently injured and damaged by these false and defamatory statements as written and published.

22. Plaintiff avers that the statement regarding Plaintiff's payment of her lease payment, as written and published by Defendants as set forth above, was false and defamatory and was written and published with malice and intentional and/or reckless disregard of the falsity at the expense of the reputation and character of Plaintiff by fabricating, embellishing, and creating false information that was not accurate, true, or verified by responsible and/or credible sources prior to its publication. Plaintiff points out with specificity and identifies these false and defamatory publications as follows: (a) Defendants represented to Equifax that Plaintiff was thirty days delinquent in the payment of her lease; and (b) Defendant failed to notify Equifax that the balance in question was disputed by the Plaintiff.

23. Plaintiff avers that Defendants wrote and published the above representations, which were false and defamatory, to Equifax and through Equifax to all of Plaintiff's potential lenders on multiple occasions, including but not limited to the defendants' response to Equifax published on or about August 2005.

24. Defendants' representation that Plaintiff had a delinquent bill, as set forth above, was false and the Defendants knew or had reason to know of its falsity and lack of verified or factional support. The Defendants published this derogatory credit information knowing of its falsity with malice by intent and/or reckless disregard for the truth as punishment for what the Defendants believed was a failure to pay them in accordance with their instructions and demands.

25. The Defendants never had any reasonable basis to believe that the Plaintiff was responsible for any money owing in the account reported in the representations. Further, the Defendants willfully adopted procedures which wholly ignore the demands of consumers to remove inaccurate credit information from their credit files.

26. Defendants' representation that the allegation that Plaintiff had a delinquent bill had not been disputed by the Plaintiff was also false and the Defendants knew or had reason to know of its falsity. The Defendants published this derogatory credit information without indicating that it was in dispute, knowing that such a representation constituted falsity with malice by intent and/or reckless disregard for the truth. Defendants did so as further punishment for what the Defendants believed was a failure to pay them in accordance with their instructions and demands.

27. As a proximate consequence of the libel and defamation of Plaintiff, she has been injured and permanently damaged as set forth in paragraph 20 above.

28. The false and defamatory representations made by the Defendants were willful, malicious, intentional and/or committed with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against the defendants in an amount to be determined by the Court.

**WHEREFORE**, Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; and such other relief as this Court deems just, equitable, and proper.

Respectfully submitted this 21st day of August, 2007,

_____
Mary Ellen Bates (ASB-7500-E32D)
One of the Attorneys for Plaintiff

**OF COUNSEL:**

Bates & Bone, LLP
2151 Highland Avenue, Suite 100
Birmingham, Alabama 35205

Telephone: 205-930-0097
Facsimile: 205-930-9989

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS**

_____
OF COUNSEL

**SERVE DEFENDANTS BY CERTIFED MAIL:**

Wachovia Auto Leasing Company, Inc.
c/o CSC Lawyers Incorporating Service Inc.
150 South Perry Street
Montgomery, Alabama 36104

Wachovia Bank, National Association
c/o CSC Lawyers Incorporating Service Inc.
150 South Perry Street
Montgomery, Alabama 36104

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000196
Cashier ID: khaynes
Transaction Date: 08/21/2007
Payer Name: BATES AND BONE LLP
------------------------------
CIVIL FILING FEE
 For: BATES AND BONE LLP
 Case/Party: D-ALM-3-07-CV-000744-001
 Amount:         $350.00
------------------------------
CHECK
 Check/Money Order Num: 1633
 Amt Tendered:  $350.00
------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

3:07-CV-000744-MHT


EMELIE JONES V. WACHOVIA AUTO
LEASING CO. INC. ET AL
```