## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **EMELIE JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **WACHOVIA AUTO LEASING** | ) | **3:07-CV-744-MHT** |
| **COMPANY, INC.; and WACHOVIA** | ) | |
| **BANK, NATIONAL ASSOCIATION/** | ) | |
| **SOUTHTRUST BANK** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR MORE DEFINITE STATEMENT

Defendant Wachovia Bank, N.A., parent successor by reason of merger with Wachovia Auto Leasing Company, Inc. and successor by reason of merger with SouthTrust Bank, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to require Plaintiff to file a more definite statement of her claims and causes of action set forth in her Complaint. Defendant specifically reserves any right to move to compel arbitration of this matter. The agreements and documents of the parties have been requested and, upon information and belief, contain an arbitration provision that requires arbitration of Plaintiff's claims – regardless of the lack of clarity by which they are pled. In support of its Motion, Defendant states as follows:

1601140 v1

## INTRODUCTION

Plaintiff filed this lawsuit against Defendants on August 21, 2007.  In the Complaint, Plaintiff alleges that she entered into a "Motor Vehicle Lease Agreement" with SouthTrust Bank (now Wachovia Bank, NA) for the lease of a vehicle on April 11, 2007.  (Complaint at ¶7).  Plaintiff alleges that Defendants wrongfully submitted false information to certain credit reporting bureaus concerning late payment amounts on the lease and that such information led to Plaintiff being denied a loan from First National Mortgage Services.  (Complaint at ¶¶9-13).

Plaintiff's Complaint contains twenty-eight paragraphs.  (See generally Complaint).  The first seven paragraphs contain allegations concerning *Jurisdiction and Venue* and *Parties*.  (Id. at ¶¶1-7).  The remaining twenty-one allegations are merely factual averments.  (Id. at ¶¶8-28).  Plaintiff never alleges or specifies any specific causes of action against Defendants.

## ARGUMENT

1.    Federal Rule 12(e) allows for a party to move for a more definite statement where a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  FED. R. CIV. P. 12(e).

2.    As Plaintiff has not specifically alleged any direct causes of action against Defendants, Defendants are unable to properly frame a responsive

pleading.  Plaintiff's Complaint contains allegations that could possibly relate to causes of action for breach of contract, fraud/misrepresentation, libel, defamation, and violations of federal credit reporting laws.  However, Defendants are simply unable to tell what causes of action Plaintiff attempts to allege against them and therefore Defendants are unable to properly respond to the Complaint.

3.    Further, to the extent Plaintiff's Complaint can be read to contain an allegation of fraud, the Complaint fails to satisfy the strict pleading requirements of Rule 9(b) as to a claim for fraud.  Rule 9(b) of the Federal Rules of Civil Procedure provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. CIV. P. 9(b); see also U.S. ex. rel. Clausen v. Laboratory Corp. of America, 290 F.3d 1301, 1308 (11th Cir. 2001).

4.    As noted by the Eleventh Circuit:

> Rule 9(b) is satisfied if a complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Laboratory Corp. of America, 290 F.3d at 1310 (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)).

5.    Defendants request that the Court require Plaintiff to file an Amended Complaint specifically delineating the causes of action she is asserting against Defendants.   Furthermore, to the extent Plaintiff includes a cause of action for fraud, Defendants request that she state such cause of action with particularity as required by Rule 9(b).

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that the Court enter an Order requiring Plaintiff to file a more definite statement of her Complaint which specifically delineates the causes of action she is asserting against Defendants.

Respectfully submitted,

/s Jon H. Patterson
Victor L. Hayslip, Esq. (HAY019)
Jon H. Patterson, Esq. (PAT066)

BURR & FORMAN LLP
3400 Wachovia Tower
420 North Twentieth Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
vhayslip@burr.com
jpatters@burr.com

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MOTION FOR MORE DEFINITE STATEMENT** has been served on the following by United States mail, postage prepaid and/or the CM-ECF e-file system, on this the 12th day of September, 2007:

> Mary Ellen Bates, Esq.
> Bates & Bone, LLP
> 2151 Highland Avenue, Suite 100
> Birmingham, Alabama 35205

> *s/ Jon H. Patterson*
> OF COUNSEL

1601140 v1